CHARLES A. VAN PELT v. THE ELGIN WIND-POWER
AND PUMP COMPANY.

No. 85.

ASSUMPTION OF DEBT—*Evidence.* Before one can be held for the payment of the debt of another, it is necessary to show by competent evidence a valid and binding agreement to that effect on the part of the person sought to be held.

MEMORANDUM.— Error from Decatur district court; G. WEBB BERTRAM, judge. Action by The Elgin Windpower and Pump Company against Charles A. Van Pelt and others to recover on promissory notes. Judgment for plaintiff. Defendant Van Pelt brings the case to this court. Reversed. The opinion herein, filed September 12, 1896, states the material facts.

*Bertram & McElroy,* for plaintiff in error.

*J. C. Wilson,* and *J. F. Peters,* for defendant in error.

The opinion of the court was delivered by

CLARK, J.: On June 6, 1887, one William E. McDermott executed two promissory notes aggregating $108, payable to the order of Nichols, Murphy & Geister, 12 and 18 months after due, respectively, in settlement of a windmill and pump erected by the payees on a quarter-section of land in Decatur county which belonged to the said McDermott. These notes afterward became the property of the Elgin Wind-power and Pump Company, the defendant in error in this proceeding. The real estate above mentioned was incumbered by two mortgages: one for $850, and the other for $118. The second mortgage was owned by Charles A. Van Pelt, who was a partner of one Jay Olney in the loan and banking business in said county. The taxes levied and assessed against this real estate

for the two .years immediately preceding February 24, 1891, and the interest which had accrued on the mortgage-indebtedness during the same period had not been paid, and on that date McDermott and wife by warranty deed conveyed said real estate to the said Charles A. Van Pelt. The Elgin Wind-power and Pump Company, as plaintiff below, seeks in this action to recover from the said Van Pelt & Olney, and the individual members of said firm, the amount due upon the two notes held by the plaintiff, and bases its right to such recovery upon an alleged verbal promise made by the said defendants to the said McDermott at the time of such conveyance, and as a part of the consideration therefor, that they would pay to the plaintiff the amount due upon said notes. The plaintiff recovered a judgment against Charles A. Van Pelt, and this proceeding is brought to secure a reversal of that judgment. The record shows that the entire agreement with reference to the conveyance of this land to Van Pelt and the consideration therefor was entered into between McDermott and Jay Olney. They were the only parties having any personal knowledge as to the terms of that agreement. McDermott's testimony in relation to the conversation between him and Olney at the time the deal was made is as follows:

"Ques. Give the conversation as near as you can. Ans. Well, he came there that day with the deed for me to sign and turn over that property to him, and I told him I wouldn't do it unless he would accept of these other debts not specified in the deed. At last he accepted this debt, and I wanted him to accept of it in the deed, and he wouldn't do it. He said it wasn't necessary; that he would pay the debt and cause me no further trouble.

"Q. What was the words you used to him when

he agreed this note was to be a part of the consideration? A. I told him the amount of the debt, $108, with interest on that at 8 per cent., I think; I would n't be positive.

"Q. What did he say relative to his agreeing to pay that portion of the money to these plaintiffs? A. He said he would settle that debt and release me from further trouble.

"Q. Was that a part of the consideration upon which you finally consented to sign the deed? A. Yes, sir.

"Q. What did Mr. Olney tell you about whom he wanted the deed made to, and who did you make it to? A. Made it to Mr. Charles Van Pelt.

"Q. What did he tell you about this matter, why he wanted it made to Van Pelt? A. I don't know as he stated any reasons, any more than he said he wanted to get that into some man's hands who had more money than I had. I believe he stated them reasons."

Mr. Olney testified that the only consideration agreed upon for the deed was the cancellation and return of three certain mortgage notes which McDermott had given to Van Pelt, and the assumption by Van Pelt of the first mortgage of $850, and the payment of the accrued interest thereon and the delinquent taxes on the real estate; that he, Olney, had no interest in the land, nor in the second mortgage, although he admitted that he might possibly be liable for the payment of the interest on the first mortgage. This is all the testimony bearing upon this alleged promise of Van Pelt & Olney to pay these notes. The evidence is clear and uncontradicted that the second mortgage belonged to Van Pelt alone. The amount of this mortgage was but little in excess of the amount due on the windmill notes. It is evident that Olney had a personal interest in securing a conveyance of the title of this real estate to Van Pelt.

While McDermott testified that Olney agreed to pay these notes provided this real estate should be conveyed to Van Pelt, there is nothing in the record tending to show that the latter ever agreed to pay this indebtedness, and the fact that his agent refused to insert such a stipulation in the deed would indicate that Olney did not so understand the agreement. There is absolutely no evidence to support the verdict of the jury.

The judgment will, therefore, be reversed, and the cause remanded for a new trial.

All the Judges concurring.